# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **STEVEN D. BLAIR,** ) | |
| ) | |
| **Plaintiff,** ) | **No. 3:12-cv-00631** |
| ) | **Judge Trauger** |
| v. ) | |
| ) | |
| **DR. F/N/U LOGAN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## M E M O R A N D U M

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Davidson County Criminal Justice Center in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against Dr. f/n/u Logan, CCS Medical, the Davidson County Sheriff's Department, and five named officers and guards, alleging that the plaintiff's medical treatment has been delayed or denied and that he has been physically mistreated by the officers. (Docket No. 1). It is unclear what relief he seeks other than medical treatment. (*Id.* at p. 4).

I.   **Prison Litigation Reform Act Standard**

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d

1

863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## II.   Facts

As alleged in the *pro se* complaint and construed liberally, the plaintiff alleges that in October 2011, second shift guards Cole, Saad, Edwards, and Howell handcuffed the plaintiff and lifted him "about a foot," causing his shoulder to get "ripped up." He further alleges that he was "kicked in [the] head" until he stopped breathing and was taken to the emergency room.

The plaintiff alleges that Dr. Logan subsequently treated the plaintiff's shoulder with injections but refused to examine or treat the plaintiff further even though the plaintiff complained that his problems persisted. The plaintiff alleges that he personally scheduled appointments with doctors at Vanderbilt Hospital since he was not being treated at the Criminal Justice Center but he was not allowed to leave for those appointments. The plaintiff alleges that, due to the delay of appropriate medical care, his "right arm is gone, and shoulder and right side of [his] back [has] no muscle tissue." He also says that he was a "big hole" in his right arm.

The plaintiff additionally alleges that, in January 2012, defendant Brown "messed [the plaintiff] up again" by smacking him and busting his lip. (Docket No. 1 at pp. 1-4).

## III.   Section 1983 Standard

The plaintiff alleges claims under § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the

United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**IV.     Analysis**

Although the Sixth Circuit has not issued a clear ruling on the topic, it appears that under Tennessee law the Davidson County Sheriff's Department is not an entity subject to suit under § 1983. *See Mathes v. Metro. Gov't of Nashville & Davidson County*, No. 3:10–CV–0496, 2010 WL 3341889, at *2 (M.D. Tenn. Aug.25, 2010) (collecting cases holding that police departments and sheriff's departments in Tennessee are not proper parties to a § 1983 suit); *see also Williams v. Dayton Police Dep't*, 680 F. Supp. 1075, 1080 (S.D. Ohio 1987) (holding that police departments are not independent government entities subject to suit under § 1983, but rather that they "are sub-units of the city government and are merely vehicles through which the city fulfills its policing functions"). The Davidson County Sheriff's Department is a division or branch of Metro-Davidson County, which is an entity that is subject to suit under § 1983. The court will therefore construe the complaint liberally as asserting claims against Metro-Davidson County itself. *Cf. State v. Elizabethtown Police Dep't*, No. 3:09–CV–569–H, 2010 WL 1196193, at *2 (W.D. Ky. March 23, 2010) (construing claims against the police department as made against the City of Elizabethtown as the "proper defendant").

Although a municipality may be a "person" subject to suit under § 1983, it is well established that § 1983 claims against a municipality cannot be based on a *respondeat superior* theory of

liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Instead, a plaintiff must show that the city "maintained a policy or custom that caused the violation" of the plaintiff's rights. *Harvey v. Campbell County, Tenn.*, 453 F. App'x 557, 562 (6th Cir. 2011). "One way to prove an unlawful policy or custom is to show a policy of inadequate training or supervision." *Ellis ex rel. Pendergrass v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (citing *City of Canton v. Harris*, 489 U.S. 378, 387 (1989)).

The plaintiff here has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Metro-Davidson County. Consequently, the plaintiff has failed to state a claim against Metro-Davidson County, or the Davidson County Sheriff's Department.

The plaintiff also alleges § 1983 claims against CCS Medical. By "CCS Medical," the plaintiff appears to refer to Correct Care Solutions, Inc. (CCS). CCS is the employer of those individuals providing medical care to prisoners in the custody of the Davidson County Sheriff's Office. The plaintiff can not sue CCS solely because of its status as a supervisor or employer of alleged tortfeasors. 42 U.S.C. § 1983 will not support a claim posed on a *respondeat superior* theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Where there is no allegation of participation, either directly or indirectly, by an employer in an allegedly wrongful act, the complaint fails to state a cause of action against that defendant upon which relief can be granted. *See Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982), *cert. denied*, 460 U.S. 1086 (1983).

Here, there has been no showing that the plaintiff has been denied medical care pursuant to a policy or decision arising from CCS. Personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). Consequently, the plaintiff

has failed to state a claim against CCS.

However, as to Dr. Logan, the plaintiff specifically alleges that Dr. Logan refused to treat the plaintiff, or delayed the plaintiff's treatment, even after the plaintiff continued to complain about shoulder and arm problems after his trip to the emergency room and subsequent injections by Dr. Logan.[1] Delays in providing medical care may give rise to a violation of a prisoner's rights under the Eighth Amendment. However, such delays do not rise to the level of a constitutional violation unless a plaintiff complains that he suffered a detrimental effect to his health as a consequence of the alleged delay. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)).

Here, the plaintiff has alleged that the delays in providing appropriate treatment for the plaintiff's shoulder and arm have caused additional injury to his shoulder and arm. Although it is far from certain that the plaintiff ultimately can prevail on this claim, the court finds that the plaintiff has sufficiently stated a non-frivolous claim under the Eighth Amendment of the United States Constitution through 42 U.S.C. § 1983 against Dr. Logan.

As to the plaintiff's claims against defendants Cole, Saad, Edwards, Howell, and Brown (all guards), the Fourth Amendment of the United States Constitution protects individuals from excessive force by law-enforcement personnel. *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir. 2000). The court reviews claims for excessive force under a standard of reasonableness. *Saucier v. Katz*, 533 U.S. 194, 209 (2001). Accordingly, the court views the use of force from the perspective of a reasonable law-enforcement officer on the scene rather than retrospectively.

---

[1] Although a brief portion of the plaintiff's handwritten allegations cannot be clearly read due to faulty copying, the complaint appears to allege that Dr. Logan did something, or refused to do something, in connection with the plaintiff's arm and shoulder "out of meanness." (Docket No. 1 at p. 4)(top of page).

*Graham v. Connor*, 490 U.S. 386, 396-97(1989).

The analysis is to be conducted under the totality of the circumstances and without regard to intentions or motivations. *Id.* at 397. The inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396. The court's analysis must "embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation." *Id.* at 396-97.

The court has reviewed the complaint and finds that, with regard to his allegations pertaining to the October 2011 and January 2012 incidents, the plaintiff has stated a colorable claim of excessive force under 42 U.S.C. § 1983 against defendants Cole, Saad, Edwards, Howell, and Brown. 28 U.S.C. § 1915A. The court will therefore permit the plaintiff to proceed against those defendants as well.

## IV. Conclusion

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 against the Davidson County Sheriff's Department and CCS Medical. 28 U.S.C. § 1915A. Thus, the plaintiff's claims against those defendants will be dismissed. However, as to the plaintiff's claims against the remaining defendants, the court finds that the complaint states actionable claims.

An appropriate Order will be entered.

_____
Aleta A. Trauger
United States District Judge